# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANNALEE LARSEN,<br><br>    Plaintiff,<br><br>v.<br><br>GRANGER MEDICAL CLINIC,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:17-CV-01308- DBP<br><br>Magistrate Judge Dustin B. Pead |

On December 27, 2017, Plaintiff DonnaLee Larsen ("Ms. Larsen") filed a Complaint against Defendant Granger Medical Clinic ("Granger Medical") alleging a violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended (Compl., ECF No. 2.) The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. 636(c) on April 11, 2018. (ECF No. 10.)

Granger Medical moves the court to dismiss Ms. Larsen's Complaint for failure to state a claim upon which this court can grant relief. (Mot. to Dismiss ("Motion"), ECF No. 5). The matter has been fully briefed. The court has carefully reviewed the moving papers submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the Motion based upon the briefs. Based upon careful review of the briefing the court **DENIES** the Motion.

# FACTUAL BACKGROUND

Taking the factual allegations in the Complaint as true, *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the following facts are the backdrop for this decision.

Prior to October 1, 2014, Ms. Larsen had served as a medical assistant for 36 years, with the majority of those years spent working for Dr. Colin Kelly. (Compl. at ¶8, ECF. No. 2.) Ms. Larsen worked hard over her 36-year career to earn a reputation as a competent, caring, efficient and dependable employee. (*Id.* at ¶9.) Her typical job duties as a medical assistant consisted of weighing and measuring patients, drawing blood, preparing and administering shots, and office duties. (*Id.* at ¶10.) On October 1, 2014, Granger Medical acquired Dr. Kelly's practice and retained Ms. Larsen as a medical assistant to work with Dr. Gallagher. (*Id.* at ¶8.) Ms. Larsen continued to perform her same duties after her transition to working with Dr. Gallagher. (*Id.* at ¶¶10-11.)

After Ms. Larsen had been working for Granger Medical for approximately eight-and-a-half months, Ms. Aspen McPhie, a medical assistant, came to observe her and other employees perform their jobs. (*Id.* at ¶14.) Ms. McPhie followed Ms. Larsen on June 16, 2015. (*Id.* at ¶15.) The next day, Ms. McPhie provided a paper titled "things to remember" ("List") to Ms. Larsen. On the List were Ms. Larsen's job duties that, according to Ms. McPhie, needed to be perform in a different manner in light of Ms. McPhie's observations from the previous day. (*Id.* at ¶16.) Ms. McPhie witnessed Ms. Larsen allegedly failing to wear gloves, not closing exam room doors, and licking blood spots off her thumb. (*Id.* at ¶16.) Ms. Larsen denies she engaged in such conduct. (*Id.* at ¶18.)

On June 17, 2015, Trang Dao, a manager at Granger Medical, had Ms. Larsen read the List and initial each point to establish that (1) she understood what needed to change and (2) she was amenable to performing her job consistent with Granger Medical's requirements. (*Id.* at ¶17.) Again, Ms. Larsen alleges the issues on the List, such as licking blood spots from her thumb, are simply false. (*Id.* at ¶18.) Nevertheless, Ms. Larsen immediately began to perform her job duties in conformity with what was identified on the List. (*Id.*)

When Ms. Larsen arrived at work on June 18, 2015, she learned that her employment was being terminated immediately. (*Id.* at ¶¶19-20.) The office manager said her termination was a "done deal". (*Id.* at ¶21.) Prior to her termination, however, Dr. Gallagher was contacted to discuss the decision to let Ms. Larsen go. (*Id.* at ¶60.)

After Ms. Larsen's termination, Granger Medical replaced her with a succession of younger employees. (*Id.* at ¶¶25-26.) Ms. Larsen also learned that Dr. Gallagher told patients that she (Ms. Larsen) was "worn out", "older than she looks", and that "once people get to a certain age, it is really hard to work in this kind of environment." (*Id.* at ¶¶27-28.) On September 17, 2015, Ms. Larsen filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division of the U.S. Equal Employment Opportunity Commission. (*Id.* at ¶4.) This action commenced on December 26, 2017.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft* at 678. "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* (internal punctuation omitted). However, when the allegations state a plausible claim for relief, such claim survives a motion to dismiss. *See Ashcroft*, 556 U.S. at 860.

## DISCUSSION

Granger Medical seeks dismissal of Ms. Larsen's ADEA claims for (1) failure to allege facts that show she was treated less favorably than others not in a the protected class, and (2) failure to allege a nexus between her termination and her age. (Motion at 4-6, ECF No. 5.)

### I. STATING A CLAIM FOR AGE DISCRIMINATION

Under the ADEA, it is unlawful for an employer "to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff can prove that her employer discriminated against her because of her age by providing either direct or circumstantial evidence. *See Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000). Direct evidence demonstrates on its face that the employment decision was reached for discriminatory reasons. *See Ramsey v. City & County of Denver,* 907 F.2d 1004, 1008 (10th Cir. 1990). To prove discrimination when no direct evidence exists, the Tenth Circuit uses the three-stage, burden-shifting analysis outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973). Ms. Larsen concedes she is proceeding using circumstantial evidence and therefore with analysis this Motion using the *McDonnell Douglas* framework. (Opp'n to Motion ("Opp'n") at 8-11.)

Under the first stage of the *McDonnell Douglas* analysis, a plaintiff must plead, consistent with Fed. R. Civ. P. 8 requirements, four elements for an age discrimination cause of action to survive a motion to dismiss. Generally, the first three elements are "(1) she is a member of the class of people protected by the ADEA; (2) she suffered an adverse employment action; and (3) she is qualified for the position.…" *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010).

The fourth element varies in ADEA circumstantial-evidence cases. Those variations include alleging (1) replacement by a younger worker, *see Webber v. Mid-Kansas Pediatric Associates*, 2016 WL 6804992, *7 (D. Kan. Nov. 17, 2016), (2) evidence giving rise to an inference of discrimination, *Id.*, or (3) treatment less favorable than other similarly-situated employees outside the protected class. *Jones,* 617 F.3d at 1279. Under each variation, however, "the fourth element of a prima facie case is a flexible one that can be satisfied differently in varying scenarios." *Webber*, 2016 WL at 8.

Additionally, "[t]he Tenth Circuit has repeatedly described the elements of the prima facie showing under *McDonnell Douglas* as 'neither rigid nor mechanistic' to suit the ultimate purpose: 'the establishment of an initial inference of unlawful discrimination warranting a presumption' of discrimination." *Id.* (quoting *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008). Therefore, "[t]he broadest of these variations is circumstances giving rise to an inference of discrimination standard, which can be satisfied by proof of a replacement by a younger worker or treated less favorably than other similarly-situated workers." *Lewis v. Twenty-First Century Bean Processing*, 2015 WL 4474052, *3 (D. Kan. Aug. 13, 2015) (internal quotations omitted). Furthermore, courts have held that the

burden of proving a prima facie case under ADEA is de minimus. *See e.g. Misner v. Potter*, 2009 WL 1872598, * 3 (D. Utah June 26, 2009).

Granger medical does not contest that Ms. Larsen has properly pleaded sufficient facts to establish she is a member of the protected class, she suffered an adverse employment action, and she was qualified as a medical assistant. Therefore, the court focuses its attention on the fourth element.

Granger Medical requests the court take a narrow view of the fourth element by requiring Ms. Larsen to plead facts supporting that she was treated less favorably than others who were not in her protected class. (Motion at 4.) Ms. Larsen, however, requests the court only require her to plead circumstances giving rise to an inference of discrimination, which is the broadest formulation of the fourth element. (Opp'n at 8-11.) The court agrees that the fourth element can be established by pleading circumstances giving rise to an inference of discrimination because a prima facie showing of the elements under *McDonnell Douglas* analysis is neither rigid nor mechanistic. Therefore, the court declines the Defendant's request to take a narrow view of the fourth element in this ADEA circumstantial evidence case.

Having carefully reviewed Ms. Larsen's Complaint, and presuming all of her factual allegations are true and viewed in the light most favorable to her, Ms. Larsen has satisfied her initial burden to establish a prima facie case of discrimination. Ms. Larsen alleges that as a member of the protected group she was qualified for the medical assistant position, was performing satisfactory work, and was terminated anyway. (Compl. at ¶¶8-10, 11, 19-20, 38.) Plaintiff further alleges that after her termination the doctor with whom she worked made statements about her age such as "once people get to a certain age, it is really hard to work…"

as a medical assistant, and then Granger Medical replaced her with a series of younger employees. (*Id.* at ¶¶25-27.) Consequently, Ms. Larsen has sufficiently pleaded circumstances giving rise to an inference of age discrimination thereby satisfying all four prima facie elements of a discrimination case.

## II. NEXUS BETWEEN TERMINATION AND A CLAIM OF AGE DISCRIMINATION

As referenced above, circumstantial evidence discrimination claims are typically analyzed under the burden-shifting framework of *McDonnell Douglas*. "Under *McDonnell Douglas*, the plaintiff must first prove a prima facie case of discrimination." *Mormon v. Campbell County Memorial Hospital*, 632 Fed.Appx. 927, 933 (10th Cir. 2015). "If she does so, then the burden 'shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action.' " *Id.* at 933 (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "If the defendant provides such a reason, 'the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.' " *Id.*

Defendant argues Ms. Larsen failes to sufficiently allege a nexus between her termination and her age. (Motion at 5.) To survive a Rule 12(b)(6) motion to dismiss, however, a plaintiff is not required to meet the *McDonnell Douglas* burden-shifting framework. *Hartley v. Dept. of Agriculture,* No. 10–cv–0323–ZLW–CBS, 2010 WL 5865371, at *3 (D. Colo. Nov. 29, 2010) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)). Rather, "a complaint must include ... a plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512 (internal quotation marks omitted). Accordingly, to overcome a Rule 12(b)(6) motion to dismiss in a discrimination case, a complaint must give fair notice of the basis for plaintiff's claims and the claims must be facially plausible.

7

Plaintiff satisfies these pleading requirements and therefore overcomes the Defendant's Rule 12(b)(6) Motion. As addressed herein, Ms. Larsen has already established a prima facie case of discrimination. Ms. Larsen's Complaint contains sufficient factual matter, accepted as true, to establish that (1) she was at least over forty years of age, (2) she was qualified for the position, (3) Granger Medical terminated her employment, (4) the doctor with whom she worked made comments directed at her age, and (5) she was replaced by younger employees. In turn, Granger Medical has been given fair notice of Ms. Larsen's facially plausible claims.

## CONCLUSION

Accordingly, for the reasons set forth above, the court **DENIES** Granger Medical's Motion. (ECF No. 5.)

Dated this 17th day of October, 2018.

_____
Dustin B. Pead
United States Magistrate Judge